**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

JORDAN MURPHY individually,

     Plaintiff,

v.

MOMENTUM SOLAR LLC

     Defendant.

_____/

**COMPLAINT**

Plaintiff, Jordan Murphy, brings this action against Momentum Solar LLC ("Momentum" or "Defendant"), by and through his attorneys. Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") for unsolicited telemarketing calls made by or on behalf of Defendant. Plaintiff seeks an injunction.

2.     Plaintiff Jordan Murphy is a natural person. Mr. Murphy is a resident of the State of Florida. At all relevant times Mr. Murphy was the user, subscriber, owner and possessor of the cellular telephone number 954-479-9432.

3.     Defendant Momentum is, and at all relevant times was, a limited liability company organized under the laws of the State of Delaware. Momentum changed its name from Pro Custom Solar LLC.  Momentum has a principal place of business located at 6301 Hazeltine National Drive Suite 101 Orlando Florida 32822 and is a "person" as defined by 47 U.S.C. §153 (39).

1

**JURISDICTION AND VENUE**

4.      The Court has federal subject matter jurisdiction under 47 U.S.C. § 227. *Cf. Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) and supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Momentum, because the wrongful acts alleged in this Complaint were committed in and/or caused injury in Florida and Defendant has a principal place of business in Florida.

6.      Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District

**GENERAL ALLEGATIONS**

7.      Momentum is in the business of selling and installing solar panels and engages in telemarketing to generate sales leads.

8.      Defendant and/or its agents regularly make autodialed telephone calls both with and without a pre-recorded message to consumers in order to market its services.

9.      Plaintiff has never authorized Momentum to make autodialed marketing calls on his cellular telephone. In fact, Plaintiff registered his phone number, 954-479-9432 with the National Do Not Call Registry on January 29, 2022.

10.      Plaintiff does not have any relationship with Momentum and never solicited Defendant's business directly or indirectly.

11.      Since January 5, 2025, Plaintiff has received 70 autodialed and/or pre-recorded telephone calls by or on behalf of Momentum to his cellular phone number.

12.      Plaintiff requested Momentum on several occasions to cease contacting him.

12. Momentum advised the Plaintiff that his cellular phone number was placed on Momentum's IDNC list. Despite being placed on its IDNC list, Plaintiff continued to receive numerous autodialed calls to his cellular telephone. Throughout 2025, Plaintiff received at least 70 autodialed calls from Momentum and several times was able to speak with its employees who confirmed that he was indeed on their IDNC list and he should not be receiving telephone calls.

13. Most recently, in July 2025, Defendant initiated a marketing call purportedly from (888) 307-1683 to Plaintiff's cellular phone using a automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

14. Plaintiff did not provide Momentum or its agents with "prior express consent," nor written consent to receive calls to his cellular telephone, including those calls by means of an ATDS as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Plaintiff did not consent to be called on his cellular telephone by Momentum for marketing or any other purpose.

16. Upon information and belief, Momentum's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Upon information and belief, the telephone equipment used by Momentum to place the calls at issue has the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

18. Momentum did not have written consent to place telemarketing calls to Plaintiff's cellular telephone.

19. Momentum's telemarketing calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

3

20.     Plaintiff was personally affected by Momentum's aforementioned conduct because he was frustrated and distressed that Momentum repeatedly interrupted him with unwanted telemarketing calls using an ATDS for marketing purposes.

21.     Through Momentum's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22.     Momentum's call forced Plaintiff to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

23.     Plaintiff is informed and believes and here upon alleges, that the calls were made by Momentum and/or its agent(s), with Momentum's permission, knowledge, control and for Momentum's benefit.

24.     Momentum's calls annoyed and frustrated Plaintiff, distracted Plaintiff, and invaded Plaintiff's privacy.

25.     Through the aforementioned conduct, Momentum has violated 47 U.S.C. § 227(b)(1)(A)(iii).

**COUNT I**
**Violation of 47 U.S.C. § 227(b)(1)(a)(iii)**

26.     Plaintiff hereby incorporates by reference the allegations contained in 1-25 as if fully set forth herein.

27.     The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express

consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service . . . 47 U.S.C. § 27(b)(1)(A).

28.     The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations: A person or entity may . . . bring . . . an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above]. 47 U.S.C. § 227(b)(3).

29.      Defendant makes outgoing calls to consumers and others in the regular course of its business.

30.     Defendant placed calls to Plaintiff using predictive dialers. The predictive dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which Defendant called at the time the call was made. Rather, the predictive dialers electronically dialed the Plaintiff's cellular telephones in an automated fashion. The predictive dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

31.     Defendant also utilized artificial and/or prerecorded voice calls to call the cellular telephones of Plaintiff.

5

32.     Defendant does not and did not obtain legally effective prior express consent to call the Plaintiff's cellular telephone numbers.

33.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff that were automatically dialed by Defendant's telephone system and/or used an artificial or prerecorded voice; made to a cellular telephone number; and not the result of Plaintiff's transaction with Defendant or its agents.

34.     Defendant's violations are willful because Defendant knew that Plaintiff had not given prior express consent to receive calls made using an automatic telephone dialing system, artificial, and/or prerecorded voice and that Defendant used these methods to call the cell phones of Plaintiff.

35.     Plaintiff seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendant.

## COUNT II
### Violation of 47 U.S.C. § 227(b)(1)(B)

36.     Plaintiff hereby incorporates by reference the allegations contained in 1-25 as if fully set forth herein.

37.     The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TPCA makes it unlawful for any person:  to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).  47 U.S.C. § 227(b)(1)(B).

38.     The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations of 47 U.S.C. § 227(b) or "regulations prescribed under" 47 U.S.C. § 227(b) "to enjoin such a violation" and/or to recover actual damages or "$500 in damages for each such violation," as well as treble damages where the "court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b).]" 47 U.S.C. § 227(b)(3).

39.     Defendant and its agents also utilized artificial and/or prerecorded voice messages in calls to the residential telephones of Plaintiff.

40.     Defendant and its agents do not and did not obtain legally effective prior express consent to call the Plaintiff's residential telephone number.

41.     Defendant and its agents violated 47 U.S.C. § 227(b)(1)(B) by placing telephone calls to the residential telephone numbers of Plaintiff using an artificial or prerecorded voice without their prior express written consent.

42.     Defendant willfully violated 47 U.S.C. § 227(b)(1)(B) because it knew that Plaintiff had not given prior express consent to receive calls made using an artificial, and/or prerecorded voice and that Defendant and its agents used these methods to call the residential telephone numbers of Plaintiff.

43.     Plaintiff seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3) against Defendant.

## COUNT III
### Violations of the TCPA, 47 U.S.C. § 227 (c)(5).

44.     Plaintiff hereby incorporates by reference the allegations contained in 1-25 as if fully set forth herein.

45.     47 C.F.R. § 64.1200(d) provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or

address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised."

46.     The TCPA creates a private right of action for injunctive and monetary relief for any "person who has received more than one telephone call within any 12–month period by or on behalf of the same entity in violation of [e.g., 47 C.F.R. § 64.1200(d).]" 47 U.S.C. § 227(c)(5). *See also* 47 C.F.R. § 64.1200(d)(3) (liability for company specific DNC list violations).

47.     Defendant and its agents made more than one unsolicited telephone call to Plaintiff within a 12-month period in violation of 47 C.F.R. § 64.1200(d).

48.     Defendant did not institute minimum procedures required under 47 C.F.R. § 64.1200(d); Defendant consistently fails to honor the requests of Plaintiff and other individuals to stop calling, and specifically to place their name and telephone number on Defendant's internal do not call list and to otherwise maintain an adequate do not call policy required under 47 C.F.R. § 64.1200(d).

49.     Defendant and its agents violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to wireless and wireline residential telephones of Plaintiff without instituting minimum procedures required under 47 C.F.R. § 64.1200(d).

9

50. Defendant willfully violated 47 C.F.R. § 64.1200(d). Defendant knew that it and its agents failed to institute minimum procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant and that they repeatedly ignored and/or refused to honor Plaintiff's requests to be placed on an IDNC list.

51. Plaintiff seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under 47 U.S.C. § 227(c)(5) against Defendant.

## COUNT IV
## VIOLATION OF Fla Stat. 501.059

52. Plaintiff hereby incorporates by reference the allegations contained in 1-25 as if fully set forth herein.

53. Defendant failed to secure prior express written consent from Plaintiff to make a telephone sales call to him in violation of the FTSA.

54. Defendant knowingly made and/or allowed telephone sales calls to be made to Plaintiff without Plaintiff's prior express written consent utilizing an automated system for the selection or dialing of telephone numbers.

55. As a result of Defendant's conduct, Plaintiff was harmed and entitled to a minimum of $500 in damages for each violation and an injunction against future calls.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment and order in their favor against Defendant as follows:

a. Judgment against Defendant, and in favor of Plaintiff in the amount of $1,500 per violation of the TCPA as proven at trial;

b. An award of statutory damages for the FTSA violation;

10

c.      Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA and FTSA;

d.      An award of attorneys' fees and costs, as allowed by law;

e.      An award of pre-judgment and post-judgment interest, as provided by law;

f.      Such other relief as may be appropriate under the circumstances.

**JURY TRIAL DEMANDED**

**Respectfully submitted,**

**SOLNICK LAW, P.A.**
3363 NE 163rd Street, Unit 801
North Miami Beach, Florida 33160
Tel: 786-629-6530
Email: pete@solnicklaw.com

By*: /s/ Peter J. Solnick*
        Peter J. Solnick, Esq.
        Fla. Bar 670006

11