**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:25-cv-61700-RAR**

JORDAN MURPHY individually,

   *Plaintiff*,

v.

MOMENTUM SOLAR LLC,

   *Defendant*.

_____/

## DEFENDANT MOMENTUM SOLAR LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Momentum Solar LLC ("Momentum" or "Defendant"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Complaint, filed by Jordan Murphy, and states as follows:

### NATURE OF THE ACTION[1]

1. Defendant denies that it made or authorized any unsolicited telemarketing calls to Plaintiff. Defendant further denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., or that Plaintiff is entitled to injunctive relief or any other remedy under the statute.

2. Momentum is without independent knowledge of the Plaintiff's status, citizenship, and residency, therefore denied.

---

[1] We incorporate Plaintiff's headings for ease of reference only and without admitting any facts or inferences Therein.

1

3.     Defendant admits only that it is a limited liability company organized under the laws of the State of Delaware and that it previously operated under the name Pro Custom Solar LLC. Defendant denies the remaining allegations, including that its principal place of business is located at 6301 Hazeltine National Drive, Suite 101, Orlando, Florida 32822, and denies all other characterizations or implications contained in this paragraph.

## JURISDICTION AND VENUE

4.     Defendant denies that Plaintiff has Article III standing and therefore denies that this Court has subject matter jurisdiction. To the extent a response is required, Defendant states that jurisdiction exists only as provided by law, but otherwise denies the remaining allegations.

5.     Defendant denies these allegations in full. Defendant specifically denies that it committed any wrongful acts in Florida, that any alleged conduct caused injury in Florida, or that it has a principal place of business in Florida. Notwithstanding, Defendant is not challenging personal jurisdiction at this time.

6.     Defendant denies these allegations in full. Notwithstanding, Defendant is not challenging venue at this time.

## GENERAL ALLEGATIONS

7.     Admitted that Momentum is in the business of selling and installing solar panels. Momentum denies the remaining allegations in Paragraph 7.

8.     Denied.

9.     Defendant denies the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff registered the telephone number ending in 9432 with the National Do Not Call Registry on January 29, 2022, and therefore denies that allegation as well.

10. Defendant denies the allegations in this paragraph. To the extent the allegations concern matters outside Defendant's knowledge, Defendant lacks sufficient information to form a belief as to their truth and therefore denies them.

11. Defendant denies the allegations in this paragraph, including that Plaintiff received any autodialed or prerecorded calls from Defendant or on Defendant's behalf, or that any such calls were made to Plaintiff's cellular telephone number.

12. Defendant denies the allegations in this paragraph. To the extent the allegations concern matters outside Defendant's knowledge, Defendant lacks sufficient information to form a belief as to their truth and therefore denies them.

12. Defendant denies the allegations in this paragraph. To the extent the allegations concern matters outside Defendant's knowledge, Defendant lacks sufficient information to form a belief as to their truth and therefore denies them.

13. Denied.

14. Defendant denies the allegations in this paragraph, including that it made any calls to Plaintiff's cellular telephone. Defendant further denies that it or any of its agents used an automatic telephone dialing system ("ATDS") to contact Plaintiff. Further denied as to remaining allegations.

15. Denied.

16. Denied.

17. Denied.

18. Defendant denies the allegations in this paragraph, including that it placed any telemarketing calls to Plaintiff's cellular telephone.

3

19.     Defendant denies the allegations in this paragraph, including that it made any telemarketing calls to Plaintiff.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Defendant denies the allegations in this paragraph, including that any calls were made to Plaintiff by Defendant or on Defendant's behalf. Defendant further denies that any third party acted as Defendant's agent or with its permission, knowledge, control, or for its benefit in making any such calls.

24.     Defendant denies the allegations in this paragraph, including that it made any calls to Plaintiff.

25.     Denied.

## COUNT I
## Alleged Violation of 47 U.S.C. §227(b)(1)(a)(iii)

26.     Defendant reincorporates and realleges its answers to paragraphs 1- 25 as though set forth in full herein.

27.     The allegations in Paragraph 27 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in this paragraph as stated. Defendant admits only that, in the regular course of its business, it may make lawful outbound calls.

4

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Defendant denies the allegations in this paragraph, including that Plaintiff is entitled to any relief, whether statutory, treble, injunctive, or equitable, under 47 U.S.C. § 227(b)(3) or otherwise.

**COUNT II**
**Alleged Violation of 47 U.S.C. §227(b)(1)(B)**

36.     Defendant reincorporates and realleges its answers to paragraphs 1- 25 as though set forth in full herein.

37.     The allegations in Paragraph 37 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Defendant denies the allegations in this paragraph, including that Plaintiff is entitled to any relief, whether statutory, treble, injunctive, or equitable, under 47 U.S.C. § 227(b)(3) or otherwise.

## COUNT III
### Alleged Violations of the TCPA, 47 U.S.C. § 227 (c)(5).

44.     Defendant reincorporates and realleges its answers to paragraphs 1- 25 as though set forth in full herein.

45.     The allegations in Paragraph 45, including subparagraphs (1)-(5) constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Defendant denies the allegations in this paragraph, including that Plaintiff is entitled to any relief, whether statutory, treble, injunctive, or equitable, under 47 U.S.C. § 227(b)(3) or otherwise.

## COUNT IV
### Alleged Violation of Fla. Stat. 501.059

52.     Defendant reincorporates and realleges its answers to paragraphs 1- 25 as though set forth in full herein.

53.     Denied.

54.     Denied.

55.     Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in its Wherefore clause, including subparagraphs a) through f). Defendant specifically denies that Plaintiff is entitled to statutory damages, treble damages, equitable or injunctive relief, attorney's fees, costs or prejudgment or post-judgment interest. or any other relief whatsoever. Defendant further denies that attorneys' fees are recoverable under the TCPA or FTSA.

## AFFIRMATIVE DEFENSES

1.     Plaintiff did not suffer an "injury in fact" and therefore lacks Art. III standing; the Court therefore lacks subject matter jurisdiction.

2.     To the extent that Plaintiff proves he received a call from Momentum, Plaintiff provided prior express consent to receive calls telemarketing calls and prerecorded messages. Such written prior express consent was sufficient to authorize Momentum to communicate with Plaintiff without violating the TCPA and/or FTSA.

3.     To the extent that Plaintiff proves he received a call from Momentum, Plaintiff deliberately held himself out to Momentum as though he was a customer and deliberately invited and sought solicitations from Momentum. As a result, Plaintiff caused the "injury" about which he complains and is also estopped from maintaining a TCPA or FTSA claim against Momentum.

4.     Plaintiff's supposed claims are barred by the doctrines of waiver and estoppel based on Plaintiff's own conduct.

5.     To the extent there was any violation of the TCPA and/or FTSA, which Momentum denies, Momentum is not liable for any such violation because Momentum established and

7

implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA and/or FTSA, and therefore such violation was not willful or knowing.

6.      Momentum has complied and/or substantially complied with the safe harbor provisions in the TCPA for opt-out processing, by processing Plaintiff's opt-out within a reasonable time.

7.      Plaintiff's claims for actual damages, if any, are barred in whole or in part as a result of his failure to mitigate alleged damages, and any recovery should be reduced in proportion thereto.

8.      Plaintiff's claims are barred because Momentum has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA or FTSA, and is not liable for any telephone calls allegedly made by a third party.

9.      The imposition of statutory damages under the TCPA and/or FTSA against Momentum would violate the due process provisions of the U.S. Constitution and/or the Constitution of Florida.

10.     Momentum did not violate the TCPA and/or FTSA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

11.     Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of persons or entities other than Momentum, including third parties and agents acting outside of the scope of their agency, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

12.     Plaintiff's purported claims are barred to the extent Plaintiff is not the subscriber, user or owner of the mobile number on which Plaintiff alleges that calls were made to him from Momentum.

13.     If Momentum is found to have called Plaintiff's telephone number, Momentum' actions were proper and legal, and at all times it acted with good faith and without malice.

8

Momentum did not willfully or knowingly contact Plaintiff on the phone number at issue without prior express consent. Thus, to the extent that there was any violation of the TCPA or FTSA, which Momentum denies, Momentum shall be liable for no more than a $500.00 penalty, as such violation(s) were not knowing and willful, and instead, were the result of a bona fide error despite the maintenance of procedures reasonably adopted to avoid such violations.

14. Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015) ("Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

15. Plaintiff's claims are barred because the calls alleged were not made to a residential telephone.

16. The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

17. The amount of damages prescribed by the TCPA and FTSA statutes are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (*quoting Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)). Further, any award of punitive or statutory damages against Momentum would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

18.     Plaintiff is not entitled to statutory damages because Defendant did not engage in any conduct in violation of the FTSA.

19.     Plaintiff has not suffered any concrete injury and is not within the "zone of interests" protected by the FTSA and thus does not have standing.

20.     Plaintiff's claims are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the FTSA, and is not liable for any telephone calls allegedly made by a third party.

21.     Plaintiff's claims are barred because they do not appear on the Florida-specific "do not call" list.

22.     Defendant has either complied or substantially complied with the safe harbor provisions in the FTSA.

23.     Defendant further denies that attorneys' fees are recoverable under the TCPA or FTSA.

## DEMAND FOR JURY TRIAL

Momentum hereby demands a trial by jury.

Dated: October 9, 2025          Respectfully submitted,


By: */s/ Adriana Kostencki*
Adriana Kostencki
Florida Bar No. 84507
akostencki@exorolaw.com
Eservice: paralegal@exorolaw.com

**EXORO LAW PLLC**
5645 Coral Ridge Drive, Suite 306
Coral Springs, FL 33076
Telephone:  954/947-0050

*Attorneys for Defendant*

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 9, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record on the below service list.

*/s/ Adriana Kostencki*
Adriana Kostencki

## SERVICE LIST

Peter J. Solnick, Esq.
SOLNICK LAW
3363 NE 163rd Street, Suite 801
North Miami Beach, FL 33160
T:  (786) 629-6530
F:  (305) 468-6353
E: Pete@solnicklaw.com

*Attorney for Plaintiff*

11